(Superior Court of Cincinnati.)
General Term, 1900.

## CINCINNATI v. BOARD OF CITY AFFAIRS, et al.

Contracts founded upon bids made by a municipal corporation for furnishing and laying water pipe for the city, cannot be paid for out of an appropriation for a waterworks fund, appropriating a certain amount for "salaries and wages" and another sum for "materials and supplies" and if there is no other fund applicable thereto, the execution of and payments under such contracts may be enjoined.

---

Before Smith, Dempsey and Jelke, JJ.

SMITH, J.

The petition in this case after making the necessary preliminary allegations, further alleges that the board of city affairs pursuant to advertisement, did on October 3, 1899, received certain bids for laying of water pipes on certain streets in the city of Cincinnati; that among said bids was one of Wiese & Hanley in which the said firm bid for labor furnished in laying sixteen inch pipe, 1800, feet, forty-three cents per lineal foot, and for labor furnished in laying four inch pipe, 200. feet, twenty-three cents per lineal foot; and for material in laying sixteen inch pipe 1800 feet, twenty-cents per lineal foot, and for material in laying four inch pipe 200 feet, twenty cents per lineal foot. The computation made the bid to be for the sum of one thousand two hundred and twenty dollars. Thereupon said board passed a resolution awarding the contract for said work to said firm of Wiese & Hanley.

Among the bids received for laying water mains on certain other streets was a bid of Henkel & Brother in which said firm bid for labor furnished in laying six inch pipe 3,000 lineal feet, twenty-four cents per lineal foot; for labor furnished in laying four inch pipe 300 lineal feet, twenty-four cents per lineal foot; for material furnished in laying six inch pipe, 3,000 lineal feet, one cent per lineal foot; for material in laying four inch pipe 300 lineal feet, one cent per lineal foot. The computation made the bid to be for the sum of eight hundred and twenty-five dollars.

Thereupon said board awarded the contract for said work to said Henkel & Brother.

The plaintiff complains with respect to these contracts, that unless restrained by the court the officials of the city will execute them and pay for the same out of the city treasury, and that such action will be illegal for the reason that there is no money in the treasury of the city to the credit of the waterworks fund not appropriated for other purposes than that required for the said contracts.

The defendant has filed an answer admitting the execution of the contracts but denying that there is no money in the treasury appropriated for the payment of such contracts.

The appropriation ordinance to defray the salaries and current expenses of the city of Cincinnati for the six months ending December 31, 1899, provides for a special fund known as the waterworks fund, and it is conceded by counsel for defendant that these contracts cannot be paid out of said fund unless from that part of the fund designated as follows:

Salaries and wages, ............... $,5000.00
Material and supplies, ............... 9,200.00

Total, ....................... $14,200.00

The contention of plaintiff is that no payment can be made from these appropriations in payment of a contract made to do the labor and furnish the material in the laying of water mains, unless such contract is a contract to pay for the labor by paying either a salary or wages and to pay for the materials and supplies by a direct and independent contract of purchase of them; that the payment of a contractor who agrees to do the work at a certain fixed price is not the payment of either salary or wages.

In the decision of *Ampt v. Cincinnati,* 6 N. P. 200; and *Stem v. Cincinnati,* 6 N. P., 15, We had occasion to examine the statutes with respect to the necessity of all expenditures of the city being preceded by a proper appropriation, and it is not necessary to repeat what was there said.

It is will settled also now, that a strict construction is placed upon these statutes, which require appropriations to precede expenditures as well as those known as the Burns and Worthington laws, which require that before any contract is entered into, there shall be attached a certificate of the city auditor that there is money in the treasury which may be used for the specific purpose designated: Sections 2699 and 2703, Revised Statutes; The city of Lancaster v. Miller, 58 Ohio St., 575; Buchanan Bridge Co. v. Campbell, 60 Ohio St., 406.

The execution of these contracts would not be the expenditure of money for wages or salary, for the reason that money paid to a contractor who undertakes to do a certain amount of work for a fixed sum over which the person contracting has no power except to see that the terms of the contract are complied with is not money paid either for wages or salary.

The principle is clearly stated in 12 Am. and Eng. Enc. Law, 136, where it is stated that "By the weight of authority these items (wages and salaries) mean the compensation due or paid to a hired person for his services and cover any earnings of mere servants or employes, but they do not cover the earnings of independent contractors or persons carrying on an independent business for themselves. See also Lang v. Simmons, 64 Wisc., 525; Hurd v. Krumer, 73 Miss., 177, 55 Am. St. Rep. 520; Riley v. Warden, 2 Ed., Ch. 58; Seeman v. Barrett, 2 H. & C., 934; Kampfield v. Lang, 25 Fed. Rep., 128; In Re Thomas H. Rose, before L. F. Hunter, Referee in Bankruptcy, 41 W. L. B., 255.

The other item of the contract is claimed to be the purchase of material.

It will be observed, however, that the contract does not provide any rate for material but only a rate for "Material in laying, etc."

It seems to me the criticism of the corporation counsel is sound when he says "The iron castings used in laying water mains are not bought by the city under this contract as castings, nor are they as castings paid for by the city. They are paid for as pipe laid in the street. It is apparent that under this contract the title to these castings does not pass to the city as they lie in bulk, but only after they have been placed in position and can be measured there by the lineal foot. It is evident that this is not a contract for the purchase of those materials, but a contract for the payment for a complete job and an attempt to divide that payment speciously to produce an apparent conformity with the appropriations."

For the reasons stated I am of the opinion that these contracts cannot be paid from the appropriations contained in the appropriating ordinance and designated under the head of waterworks fund as "Salaries and Wages" or "Material and Supplies" and, therefore, that they cannot be paid at all and the temporary injunction heretofore issued with respect to them must be made permanent.

The city officials state that by the adoption of the method of contracting for the work which they followed, a saving to the city is effected. And that they have had in mind in making these contracts only the best interests of the city.

I have no doubt that the city officials had at heart only the best interests of the city, but good intentions cannot make an act valid which the law decides is invalid, and if it is desired in the future to do work of this character by the contract system, the appropriating ordinances must be drawn in such a way as not to forbid it.

*E. G. Kinkead,* corporation counsel, for plaintiff.

*Otto Renner,* for defendant.